```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA THOMAS,

                    Plaintiff,              08-CV-6463T

        v.                                  DECISION
                                            and ORDER
NEW YORK STATE DEPARTMENT OF
TRANSPORTATION, MARY KAY MORSCH,

                    Defendants.
_____
```

## INTRODUCTION

Plaintiff Linda Thomas ("Thomas"), a former employee of defendant New York State Department of Transportation (the "DOT") brings this action pursuant to the Age Discrimination in Employment Act ("ADEA"), and the New York State Human Rights Law claiming that she was discriminated against by the defendant on the basis of her age. Specifically, plaintiff alleges that she was denied promotions, was forced to perform work above her pay level without just compensation, and ultimately, was fired from her employment because of her age.

Defendant DOT denies plaintiffs allegations, and moves to dismiss plaintiff's ADEA and New York State Human Rights Law claims on grounds that the DOT is immune from suit pursuant to the Eleventh Amendment to the Constitution. Defendant Mary Kay Morsch ("Morsch") moves to dismiss plaintiff's ADEA claims on ground that she may not be held individually liable under the ADEA.

Plaintiff opposes defendants' motion and seeks to amend the Complaint to add causes of action under the Rehabilitation Act of 1973, and 42 U.S.C. § 1983, and to add a defendant. Defendants

oppose plaintiff's motion to amend on grounds that the proposed claims fail to state valid causes of action. For the reasons set forth below, I grant defendant's motion to dismiss, and grant in-part and deny-in part plaintiff's motion to amend.

## DISCUSSION

I. <u>Defendants' Motion to Dismiss</u>.

A. <u>Standard of Review</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the Court lacks subject matter jurisdiction over the dispute. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the plaintiff has failed to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. <u>Ferran v. Town of Nassau</u>, 11 F.3rd 21, 22 (2d Cir. 1993), <u>cert</u>. <u>denied</u>, 513 U.S. 1014 (1994). The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

B. <u>ADEA Claims</u>

Plaintiff claims that the defendants discriminated against her in violation of the Age Discrimination in Employment Act. However,

because the DOT is an agency of the State of New York, plaintiff's claim is barred by the Eleventh Amendment to the Constitution, which bars suits by individuals against states for alleged deprivations of civil liberties, unless the state has waived its immunity from such a suit. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989). New York has not waived its immunity from suit in this case, nor does 42 U.S.C. § 1983 override the immunity afforded the states by the Eleventh Amendment. Will, 491 U.S. at 66. Thus, plaintiff's claims against the Department of Transportation or any employee acting in his or her official capacity are barred by the State's absolute immunity from such a suit. Moreover, because the ADEA does not provide for personal liability, plaintiff's claims against defendant Morsch must be dismissed. Martin v. Chemical Bank, 129 F.3d 114 (2nd Circ., 1997).

    C.   New York State Human Rights Law Claims

Plaintiff alleges that the DOT violated the New York Human Rights Law by discriminating against her on the basis of her age. Because New York State has not consented to a suit against it pursuant to the Human Rights Law in federal court, plaintiff's action is against the DOT and Morsch acting in her official capacity is barred by the Eleventh Amendment. Jungels v. State University College of New York, 922 F.Supp. 779, 784 (W.D.N.Y., 1996)(Curtin, S.J).

D.  Remaining State Law Claims

Pursuant to 28 U.S.C. 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise jurisdiction over state law claims. Because the federal claims of plaintiffs' Complaint have been dismissed, I decline to exercise jurisdiction over plaintiff's remaining state law causes of action. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)(authorizing district court to dismiss state statutory and common law claims for lack of jurisdiction when all federal claims have been dismissed).

II.  Plaintiff's Motion to Amend the Complaint

A.  Claims against Defendants DOT and Morsch

Plaintiff moves to amend the Complaint to add causes of action pursuant to the Rehabilitation Act of 1973 and Section 1983, and for punitive damages against defendant Morsch. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts will generally allow amendments to pleadings where the amendment will not prejudice the opposing party. See, Rachman Bag Co. v. Liberty Mutual Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995). However, leave to amend a pleading may be denied where the claim sought to be added is without merit or futile. Fiske v. Church of St. Mary of the Angels, 802 F.Supp. 872, 877 (W.D.N.Y. 1992).

I find that plaintiff's attempt to amend the complaint would be futile, and accordingly, I deny the plaintiff's motion to amend. Just as the DOT is immune from suit under the ADEA, the DOT is

immune from suit for money damages under the Rehabilitation Act and Section 1983, based on either discriminatory or retaliatory conduct. Harris v. New York State Department of Health, 202 F.Supp.2d 143, 177-178 (S.D.N.Y., 2002)(neither the State nor its agencies are "persons" for purposes of § 1983). Nor may plaintiff, who is proceeding on behalf of herself only, proceed on an equal protection claim with respect to the defendants' alleged employment discrimination. See Engquist v. Oregon Department of Agriculture, ___ U.S. ___, 128 S.Ct. 2146 (2008) ("class-of-one" theory of equal protection liability does not apply in the public employment context.) With respect to defendant Morsch, the Rehabilitation Act does not provide for individual liability. Murphy v. Board of Education of the Rochester City School District, 273 F.Supp.2d 292, 326 (W.D.N.Y., 2003). Accordingly, I find that plaintiff's attempt to add causes of action based on the Rehabilitation Act and/or Section 1983 would be futile. I therefore deny plaintiff's motion to amend the Complaint to add causes of action under these theories.

    B.    Claims against the Civil Service Employees Union

Plaintiff seeks leave to add a claim of failure to properly represent against the Civil Service Employees Union. Plaintiff's motion to amend is granted, and plaintiff shall file an amended complaint within 21 days against the Union. Plaintiff's amended complaint shall not contain any causes of action against defendants DOT or Morsch that have been dismissed or have been deemed futile.

## CONCLUSION

For the reasons set forth above, I grant defendants' motion to dismiss, and grant in-part and deny in-part plaintiff's motion to amend. The defendants' motion to dismiss is granted, and plaintiff's complaint against defendants DOT and Morsch is dismissed with prejudice. Plaintiff's motion to amend to add causes of action against the DOT and/or Morsch is denied with prejudice. Plaintiff's motion to amend to add as a defendant the Civil Service Employees Union is granted.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
September 9, 2009