```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA THOMAS,

                    Plaintiff,              08-CV-6463T

              v.                            **DECISION**
                                            **and ORDER**
NEW YORK STATE DEPARTMENT OF
TRANSPORTATION, MARY KAY MORSCH,

                    Defendants.
_____
```

INTRODUCTION

Plaintiff Linda Thomas ("Thomas"), a former employee of the New York State Department of Transportation (the "DOT") originally brought this action against the DOT and an employee of the DOT pursuant to the Age Discrimination in Employment Act ("ADEA"), and the New York State Human Rights Law, claiming that she was discriminated against by the defendants on the basis of her age. By Decision and Order dated September 9, 2009, I granted the defendants' motion to dismiss the Complaint on grounds that the DOT, as an agency of the State of New York, enjoys absolute immunity from suit under the Eleventh Amendment to the Constitution of the United States for claims brought pursuant to the ADEA, and that individuals may not be held liable under the ADEA. I dismissed plaintiff's state law causes of action on grounds that New York State has not consented to jurisdiction in federal court for claims brought under state law, and because no federal causes of action remained pending before this court. Finally, I granted

plaintiff's motion to amend the Complaint to add the Civil Service Employees Association, Inc., (the "CSEA") as a defendant.

The CSEA now moves to dismiss the plaintiff's Amended Complaint on grounds that the claims made against the CSEA are untimely. Plaintiff opposes the defendant's motion, and contends that the claims against the CSEA set forth in the Amended Complaint relate back to the claims set forth against the DOT in the original Complaint. The plaintiff contends that because the claims set forth in the original Complaint would have been timely against the CSEA, the Amended Complaint is also timely.

For the reasons set forth below, I find that the claims against the CSEA in the Amended Complaint do not relate back to the claims made against the DOT in the original Complaint, and I therefore grant defendant's motion to dismiss.

## DISCUSSION

The plaintiff alleges that the CSEA discriminated against her on the basis of her age by failing to adequately represent her in her employment disputes with the New York State Department of Transportation. Prior to bringing a suit for discrimination under the ADEA in Federal Court, a plaintiff must first exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). In the instant case, the plaintiff filed two Complaints with the EEOC against the CSEA, and, according to the plaintiff on or about October 17, 2008, received a "right to sue" letter from the EEOC giving her the right to bring an action

against the CSEA in Federal Court within 90 days from the date on which she received the letter.[1]

The plaintiff, however, failed to bring any claim against the CSEA until November 9, 2009, more than one-year after she received her right to sue letter against the CSEA. As a result, unless the claims set forth in the Amended Complaint against the CSEA can be considered to relate back to claims alleged in the original Complaint (which Complaint was actually filed prior to the plaintiff's receipt of her right to sue letter against the CSEA), the claims set forth in the Amended Complaint will be deemed untimely, as filed beyond the 90 day time limit for filing such claims.

Plaintiff argues that the claims set forth in the Amended Complaint are timely because those claims arise out of the same "conduct, transaction or occurrence" that was alleged in the original Complaint. In support of this argument, plaintiff cites Rule 15(c) of the Federal Rules of Civil Procedure which sets forth the rules for considering whether or not a new pleading relates back to an older pleading. Inexplicably, however, plaintiff cites a version of the Rule that has not been in effect since 1991. See Richard v. Reed, 98 F.3d 1338; 1996 WL 556813 at *2 (5th Cir., 1996). The version of Rule 15(c) that applies in this case is the version that was in place on November 9, 2009, the date on which

---

[1] Although the plaintiff alleges that she received the right to sue letters with respect to her claims against the CSEA on October 17, 2008, the letters are not attached as exhibits to the Amended Complaint, nor to any pleading. As a result, the Court is not able to inspect the letters.

the Amended Complaint was filed.² This version of Rule 15(c) provides as follows:

> (c) Relation Back of Amendments.
>
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> **(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or**
>
> **(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:**
>
> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

In the instant case, I find that pursuant to Rule 15(c), the allegations against the CSEA set forth in the Amended Complaint do not relate back to the allegations set forth by the plaintiff in the original Complaint, and therefore, the claims against the CSEA are untimely. The claims set forth in the original Complaint

---

² A new version of Rule 15 went into effect on Dec. 1, 2009, three weeks after the Amended Complaint in this action was filed. As a result, the current version of Rule 15 does *not* apply here.

alleged that <u>plaintiff's employer</u> discriminated against her with respect to her employment. The allegations set forth in the Amended Complaint allege that <u>plaintiff's union</u> failed to represent her because of a discriminatory animus. The factual basis for each of these claims is different: the facts that support a claim of employment discrimination do not support a claim of discrimination by the union. Indeed, the original Complaint does not even mention the CSEA, and there is certainly no allegation in the original Complaint alleging that the plaintiff was discriminated against by her Union, or that her Union failed to adequately represent her. Accordingly, the claims of the Amended Complaint fail to satisfy the requirement of Rule 15(c)(1)(B), that the amended claims arise out of the same conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading. As a result, plaintiff's claims set forth in the Amended Complaint fail to relate back to the original Complaint, and the claims are untimely.

Even if the claims of the Amended Complaint did arise out of the same conduct, transaction, or occurrence as the allegations contained in the original Complaint, I find that the claims do not relate back to the original Complaint, because plaintiff has failed to establish, as required by Rule 15(C)(1)(c) of the Federal Rules, that the CSEA received notice of the action within the period allowed for service of the original Complaint, or that the CSEA knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. There is no evidence in the record that CSEA had notice

that the original Complaint had been filed against the New York State Department of Transportation at any time prior to the expiration period for service of that Complaint. Nor can there be any claim by the plaintiff that there was any mistake regarding the proper party's identity. As a result, I find that the claims set forth in the Amended Complaint against CSEA fail to relate back to the claims set forth in the original Complaint, and therefore, plaintiff's claims against the CSEA are untimely.

## CONCLUSION

For the reasons set forth above, I find that the plaintiff's claims against the CSEA are untimely, and I therefore grant defendants' motion to dismiss, with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         June 30, 2010